Filed 3/8/16  P. v. Phillips CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AARON PHILLIPS,<br><br>　　　　Defendant and Appellant. | C079400<br><br>(Super. Ct. No. 15F00507) |

Appointed counsel for defendant Aaron Phillips has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

We modify the presentence custody credit award and otherwise affirm the judgment.

**BACKGROUND**

On January 22 and 26, 2015, defendant took and drove Judy Garoutte's car without her consent and with the intent to temporarily or permanently deprive her of title

1

and possession.  Defendant was subsequently charged with vehicle theft (Veh. Code, § 10851, subd. (a)), misdemeanor theft of property not exceeding $950 (Pen. Code, § 496, subd. (a)),[1] misdemeanor possession of burglary tools (§ 466), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1)).  It was further alleged defendant had sustained a prior strike conviction.  (§§ 667, subds. (b)-(i), 1170.12.)

Defendant pled no contest to vehicle theft and admitted the prior strike conviction.  Sentencing took place on May 27, 2015.  The trial court denied defendant's request to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531, and sentenced defendant in accordance with his plea agreement to the low term of 16 months, doubled for the strike, for a total of two years eight months in state prison.  The trial court also imposed various fines and fees, and awarded defendant presentence custody credit, which we detail *post*.

Defendant appeals without a certificate of probable cause.  (§ 1237.5.)

**DISCUSSION**

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

In reviewing the record, we find error in the oral award of custody credits at sentencing.  The record reflects that, in consideration for a continuance of the sentencing hearing, defendant agreed to waive credits earned from May 6, 2015, through May 27, 2015.  Accordingly, he was awarded 99 days of actual custody credit, which is the equivalent of the number of days from his arraignment to the May 6, 2015 hearing date.  Although he was therefore entitled to 98 days of conduct credit, he was orally awarded only 88 days.  Nonetheless, the abstract of judgment correctly reflects the correct award

---

[1]  Further undesignated statutory references are to the Penal Code.

2

of 99 actual and 98 conduct days for a total of 197 days of credit.  Accordingly, we modify the judgment but do not direct amendment of the abstract.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified as detailed above.  As modified, the judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Blease, Acting P. J.

_____/s/_____
Butz, J.